**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NANA OSEI,

       Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

       Respondent.

No. 01-9515

---

**PETITION FOR REVIEW OF A**
**DECISION OF THE BOARD OF IMMIGRATION APPEALS**
**(No. A72-797-882)**

---

L. Ari Weitzhandler, Denver, Colorado, for Petitioner.

Marshall Tamor Golding, Attorney, (Richard M. Evans, Assistant Director, and
Carl H. McIntyre, Jr., Senior Litigation Counsel, with him on the briefs), Office
of Immigration Litigation, Civil Division, U.S. Department of Justice,
Washington, D.C., for Respondent.

---

Before **HENRY**, **McWILLIAMS**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Nana Osei seeks review of an order of the Board of Immigration Appeals (the "Board") denying his Motion to Reopen and Motion for Stay of Deportation Based on Ineffective Assistance of Counsel. This court exercises jurisdiction pursuant to 8 U.S.C. § 1105a(a) (1995),[1] **grants** the petition for review, **vacates** the Board's order, and **remands** to the Board for further proceedings.

## BACKGROUND

Osei is a native and citizen of Ghana who entered the United States on July 17, 1993, pursuant to a valid non-immigrant visitor's visa. In October of 1993, prior to the expiration of his visa, Osei submitted a *pro se* application for asylum to the Immigration and Naturalization Service ("INS"). As grounds for his

---

[1]As this court recently explained,

> In 1996, 8 U.S.C. § 1105a was repealed by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. IIRIRA dramatically changed the scope and nature of judicial review in exclusion cases. But because the INS commenced deportation proceedings against the petitioner before IIRIRA's effective date, April 1, 1997, and the final deportation order was entered after October 31, 1996, our review is governed by the pre-IIRIRA rules as amended by IIRIRA's transitional rules. *See* IIRIRA § 306(c)(1), *reprinted as amended in* 8 U.S.C. § 1252 note; IIRIRA [§] 309(a), (c)(1) & (4), *reprinted as amended in* 8 U.S.C. § 1101 note. Under the transitional rules, § 1105a remains in effect but for minor procedural amendments.

*Woldemeskel v. INS*, 257 F.3d 1185, 1187 n.1 (10th Cir. 2001); *cf. Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290-92 & n.2 (10th Cir. 2001) (discussing generally in habeas context jurisdictional issues relating to motions to reopen deportation proceedings).

asylum request, Osei asserted that he had suffered past persecution in Ghana and feared future persecution because of his political opinions and activities, membership in the Resurrection Power Evangelical Ministries and the New Patriotic Party, and his close familial relationship to the deposed and executed former Ghanian head of state.

On September 23, 1996, the INS issued to Osei an order to show cause, asserting that he was deportable because he had overstayed his visa without INS authorization. Osei appeared with retained counsel at a master calendar hearing conducted before an immigration judge in Denver, Colorado on March 4, 1997. Osei admitted the allegations set out in the show cause order and conceded deportability; he nevertheless requested a hearing on his request for asylum. A hearing on the merits of Osei's asylum application was conducted before the immigration court in September of 1997; Osei was represented by counsel at the hearing. At the conclusion of the evidentiary hearing, the immigration judge denied the application, concluding as follows: (1) Osei failed to adduce evidence demonstrating that he was actually related to the deposed head of state; (2) even if Osei had, in fact, suffered persecution relating to his connection to the deposed head of state, that persecution ended long before he left Ghana and he did not have a well-founded fear of persecution at the time he left; (3) Osei's claim that he suffered religious persecution was not supported by record evidence and was

contrary to reports issued by the State Department; and (4) Osei's arrest and incarceration in 1983 did not amount to past persecution because the arrest was routine and Osei was not mistreated.

Osei filed a *pro se* notice of appeal with the Board in October of 1997, raising the following two issues: (1) the immigration judge erred as a matter of fact and law in determining that Osei's prior experiences did not amount to persecution; and (2) the immigration judge erred as a matter of fact and law in determining that, even assuming Osei had experienced past persecution, Osei did not qualify for asylum based on current country conditions. In his notice of appeal, Osei indicated that he would be filing a separate brief in support of these assertions. When Osei failed to file his brief, the Board summarily dismissed his appeal for failure to clearly identify specific legal or factual errors and for his failure to either file a timely brief or explain his failure to do so.

Osei did not seek judicial review of the Board's decision. Instead, he retained new counsel and filed a motion to reopen (the "Motion") his case with the Board. The Motion sought to introduce additional evidence in support of Osei's application for asylum and alleged that this additional evidence was not submitted at the time of the asylum hearing because of ineffective assistance of counsel. The Board denied the Motion, ruling as follows:

> [Osei] has not provided any explanation why he did not previously raise this claim when he had the opportunity in his appeal. As this

evidence could have been presented on appeal, the respondent's motion to reopen is denied. *See* 8 C.F.R. § 3.2(c)(1) (stating that a motion to reopen shall not be granted unless it appears that the evidence is material and was not previously available).

Osei thereafter filed the instant petition for review with this court, seeking review of the Board's denial of the Motion.

## ANALYSIS

The Board denied the Motion pursuant to 8 C.F.R. § 3.2(c)(1), which provides, in pertinent part, as follows: "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." This court reviews the Board's determination that a motion to reopen does not satisfy this requirement for abuse of discretion. *See INS v. Abudu*, 485 U.S. 94, 106-07 (1988); *see also INS v. Doherty*, 502 U.S. 314, 323 (1992). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements . . . ." *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citation omitted). On the record before this court, and in light of the parties' submissions on appeal, we conclude that the Board's denial of the

-5-

Motion, supported as it was by a mere citation to 8 C.F.R. § 3.2(c)(1), constituted an abuse of discretion.

This court has recognized that the Fifth Amendment guarantees aliens subject to deportation the right to a fundamentally fair deportation proceeding. *See Trench v. INS*, 783 F.2d 181, 182-83 (10th Cir. 1986). Accordingly, although there is no right to appointed counsel in deportation proceedings, a petitioner like Osei can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, the petitioner was denied a fundamentally fair proceeding. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (*per curiam*); *Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990).

In recognition of the right to due process, the Board has "decided that ineffective assistance of counsel is a valid ground for reopening a deportation case in 'egregious circumstances.'" *Stroe v. INS*, 256 F.3d 498, 501 (7th Cir. 2001) (quoting *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988)); *see also In re N-K*, 21 I. & N. Dec. 879, 880 (BIA 1997) (providing that an alien may move to reopen proceedings when his counsel's incompetence has prevented him "from reasonably presenting his case"). Notably, this court, along with other circuits, have concluded that because the Board has created in *Lozada* a mechanism for hearing due-process based claims of

-6-

ineffective assistance of counsel, such claims must first be presented to the Board. *See Akinwunmi*, 194 F.3d at 1341 (collecting cases).

The INS nevertheless asserts that the terms of 8 C.F.R. § 3.2(c)(1) clearly provide that no alien may assert a claim of ineffective assistance if the evidence of counsel's ineffectiveness was available on direct appeal from an immigration judge's decision. The problem with this argument is that the INS has not pointed to any decision of the Board indicating that § 3.2(c)(1) operates in this fashion. In particular, the INS has not cited a single case, except the summary order before this court on Osei's petition for review, in which the Board has denied a motion to reopen raising a claim of ineffective assistance on the basis that the motion to reopen fails to comply with § 3.2(c)(1). Instead, the Board has regularly evaluated such motions to reopen based merely on whether they satisfy the requirements set out in *Lozada*.[2] For instance, in *In re N-K*, the Board was faced

---

[2]In *In re Lozada*, 19 I. & N. Dec. 637, 638-39 (BIA) *aff'd*, 857 F.2d 10 (1st Cir. 1988), the Board decided that ineffective assistance of counsel is a valid ground for reopening a deportation case when the ineffective assistance prevented the alien from reasonably presenting his case. In order to fit within the parameters of the rule set out by the Board in *Lozada*, the alien must meet the following requirements:

> First, the motion should be supported by an affidavit of the allegedly aggrieved applicant attesting to the relevant facts. Second, before the allegation is presented to the Board, the former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a

with the motion to reopen in which it was clear that the claim of ineffective assistance could have been raised on direct appeal to the Board. 21 I. & N. Dec. at 880-81. Although the INS opposed the motion on the basis of § 3.2(c)(1), the Board did not address this question. Instead, the Board granted the motion to reopen, concluding that the movants had satisfied the factors set forth by the Board in *Lozada*. *Id.* This court, along with numerous other circuits, has clearly understood this to be the Board's practice. *See Akinwunmi*, 194 F.3d at 1341 ("The BIA permits an alien to move to reopen the administrative proceedings when his counsel's incompetence has prevented him 'from reasonably presenting his case.'" (quoting *In re N-K*)); *see also, e.g.*, *Iavorski v INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("[T]he vehicle commonly used to redress claims of ineffective assistance of counsel in deportation proceedings has been an administrative motion to reopen proceedings. Claims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are 'material and [were] not available and could not have been discovered or presented at the former hearing.'" (quoting 8 C.F.R. § 3.2(b)(3)) (alteration in original) (citations omitted)); *Bernal-Vallejo v. INS*, 195 F.3d 56, 64 (1st Cir.

---

> violation of ethical or legal responsibilities, the motions should reflect "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."

*In re N-K*, 21 I. & N. Dec. 879, 881 (BIA 1997) (quoting *Lozada*).

1999) ("The BIA has procedures to hear ineffective assistance of counsel claims through a motion to reopen under 8 C.F.R. § 3.2(c). Mindful that such claims may be frivolous and brought as a device to delay deportation, the BIA uses the criteria set forth in [*Lozada*] as a screening device and does not generally consider the merits of such claims until the alien has met certain threshold requirements."). In fact, several courts have responded to claims of ineffective assistance of counsel raised for the first time in a petition for review by entering stays of deportation, thereby allowing the petitioners an opportunity to submit motions to reopen to the Board. *See, e.g.*, *Casteneda-Suarez v. INS*, 993 F.2d 142, 146 (7th Cir. 1993); *Sewak v. INS*, 900 F.2d 667, 674 (3d Cir. 1990).

There may very well be excellent reasons to require that aliens raise a claim of ineffective assistance on appeal to the Board rather than in a motion to reopen. *See Abudu*, 485 U.S. at 107-08 (setting forth reasons why motions to reopen are disfavored). Nevertheless, on the record before this court, it appears clear that the Board has consistently evaluated motions to reopen exclusively on the factors set out in *Lozada*, concluding that if those factors are satisfied, the material omitted could not have reasonably been adduced in the prior proceedings.

> Although an administrative agency is permitted to change rules it created in common law fashion, that is, as a byproduct of adjudication—and that is the character of the *Lozada* rules—by the same, common law method, it is not permitted to do so without a reasoned explanation for its change of mind. That is, the agency cannot, as a legislature can, reverse course without any explanation;

> its about-faces must be reasoned; in this respect, the legislative-judicial hybrid, which is what an administrative agency is, is assimilated to a court, which, under the doctrine of stare decisis, is likewise required to give reasons for abandoning a precedent.

*Stroe*, 256 F.3d at 502-03 (citations omitted). Against this backdrop, the Board's summary citation to § 3.2(c) in disposing of Osei's Motion constitutes an abuse of discretion.

Osei's petition for review is **granted**, the order of the Board denying Osei's Motion is **vacated**, and the case is **remanded** to the Board for further proceedings. On remand, the Board is free to set out a reasoned explanation, if one is available, why this case is distinguishable from *Lozada* and *In re N-K*. It is likewise free to change course as to the manner in which it evaluates motions to reopen, as long as the reasons for such a change of course are set forth in its order. Finally, the Board is also free to simply proceed to the question whether Osei's motion to reopen based on ineffective assistance of counsel satisfies the requirements set forth in *Lozada*.[3]

---

[3]Although the Board noted in a footnote that the Motion did not satisfy the *Lozada* requirements, it declined to base its decision on that ground. In these circumstances, the INS quite correctly notes that the matter must be remanded to the Board to consider the issue in the first instance. *See Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 91 (10th Cir. 1993) ("A court may not uphold an agency action on grounds not relied on by the agency.").