F I L E D
United States Court of Appeals
Tenth Circuit

AUG 26 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KAVEH AMIR-MOEZI,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

No. 03-9584
(No. A43-261-864)
(Petition for Review)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE** ,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Petitioner Kaveh Amir-Moezi petitions for review of the Board of Immigration Appeals' decision that his parents abandoned their legal permanent resident (LPR) status in the United States and that such abandonment must be imputed to petitioner, making him subject to removal. Having determined that the legal conclusions of the Bureau of Immigration Appeals (BIA) are free of error and that the facts relied upon to underpin the decision are supported by substantial evidence, we affirm.

Mr. Amir-Moezi lived in the United States as an LPR for a few months in 1993. While he was a sixteen-year-old minor and still in the custody and control of his parents, his parents departed the United States and returned to Iran. When petitioner attempted to re-enter the United States in 1999, relying on his prior LPR status, he was detained as an immigrant not in possession of a valid immigrant visa or other travel document. *See* 8 U.S.C. § 1182 (a)(7)(A)(i)(I). An immigration judge (IJ) found that Mr. Amir-Moezi had abandoned his LPR status and ordered him removed to Iran. R. at 71-75. The BIA affirmed the decision of the IJ and issued a final order of removal, agreeing with the IJ that petitioner's parents' intention to abandon their LPR status must be imputed to petitioner. *Id.* at 4-5. The BIA further denied petitioner's motion to reopen and remand.

On appeal, Mr. Amir-Moezi raises the following issues: (1) whether the IJ and the BIA improperly relieved the government of its burden to show

-2-

abandonment by clear and convincing evidence; (2) whether clear and convincing evidence supports the conclusion that Mr. Amir-Moezi's parents intended to abandon their LPR status; (3) whether, under the circumstances of this case, the IJ and the BIA correctly imputed to Mr. Amir-Moezi his parents' intention to permanently depart the United States; and (4) whether the BIA properly denied petitioner's motion to reopen and remand his case.

Abandonment of LPR status is an intensely fact-specific determination that we review for substantial evidence. *Aleem v. Perryman*, 114 F.3d 672, 676 (7th Cir. 1997). "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997). In addition to a substantial evidence review, we also ascertain whether there is legal error. *Aleem*, 114 F.3d at 676.

As to Mr. Amir-Moezi's contention that the government was inappropriately relieved of its burden to prove abandonment by clear and convincing evidence, we have reviewed the transcript of the removal hearing contained in the record, and we disagree with Mr. Amir-Moezi's characterization of these proceedings. The evidence established that Mr. Amir-Moezi's family came to the United States at the behest of the senior Mr. Amir-Moezi's employer and stayed only two to three months. The family returned to Iran and never came

back to the United States. R. at 105. The return to Iran was precipitated by the need to tend to some business affairs involving some property the family owned in their native country. *Id.* at 100. Mr. Amir-Moezi's father has been working in Iran ever since his return to that country, and, although he has traveled from Iran to other foreign countries, he has never returned to the United States. *Id.* at 108. This evidence is sufficient to sustain the government's burden to show by clear and convincing evidence that Mr. Amir-Moezi's parents intended to abandon their LPR status. The fact that Mr. Amir-Moezi's own attorney brought out most of this evidence while questioning his client at the hearing does not indicate that the IJ had improperly shifted the burden of persuasion to petitioner. The references in the decision of the BIA that Mr. Amir-Moezi had certain responsibilities on appeal to establish error by the IJ is proper and also not an impermissible burden shift.

Once the government established that Mr. Amir-Moezi's parents had abandoned their LPR status, the IJ was required to impute that intention to petitioner. This has long been the policy of the INS. *See Matter of Zamora*, 17 I. & N. Dec. 395, 396 (BIA 1980); *Matter of Favela,* 16 I. & N. Dec. 753, 755 (BIA 1979); *Matter of Winkins*, 15 I. & N. Dec. 451, 452 (BIA 1975); *accord Nikoi v. Attorney Gen.*, 939 F.2d 1065, 1070 (D.C. Cir. 1991).

Finally, Mr. Amir-Moezi argues that the BIA erred in refusing to reopen and remand his case for consideration of a re-entry permit showing that, for two years after he left the United States, petitioner was entitled to return without reconsideration of his intent by which time petitioner would have been of age. The permit was in the possession of Mr. Amir-Moezi's father and only came to Mr. Amir-Moezi's attention after the initial decision of the IJ. In denying Mr. Amir-Moezi's motion to reopen, the BIA stated, "[t]he respondent has failed to establish that the evidence sought to be considered, which consists of family travel documents issued in 1993, was not previously available." R. at 5.

A motion to reopen shall not be granted unless it appears that the evidence is material and was not previously available. *See* 8 C.F.R. § 1003.2(c)(1). The BIA has broad discretion to grant or deny a motion to reconsider or a motion to reopen proceedings. *INS v. Doherty*, 502 U.S. 314, 322-23 (1992); *see also Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002) (reviewing the BIA's determination not to grant a motion to reopen for an abuse of discretion). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements . . . ." *Osei*, 305 F.3d at 1208 (quotation omitted).

We have thoroughly reviewed the parties' briefs and the record. We find no abuse of discretion in the BIA's refusal to reopen based on the evidence presented by petitioner. The BIA provided a rational and reasoned explanation for its decision and did not depart from established policies. *See Mickeviciute v. INS*, 327 F.3d at 1159, 1162 (10th Cir. 2003) (describing abuse of discretion standard). The record supports the BIA's conclusion that petitioner did not augment his motion to reopen with previously unavailable new and material evidence. The evidence was not unavailable to Mr. Amir-Moezi as it was in the possession of his father. Further, Mr. Amir-Moezi admitted at the evidentiary hearing that, a year or so after he returned to Iran, he became aware of certain time restrictions relative to his possible return to the United States. *See* R. at 101. The fact that this information was neither new nor unavailable was a sufficient basis for the BIA to deny petitioner's motion to reopen and remand.

The petition for review is DENIED.

Entered for the Court

John L. Kane
Senior District Judge

-6-