**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 14, 2005**

**FOR THE TENTH CIRCUIT**

TURMAN MANAOR HUTAHAEAN,

Petitioner,

v.

ALBERTO GONZALES, Attorney
General,

Respondent.

No.  05-9515
(Agency No. A95-221-576)
(Petition for Review)

**ORDER AND JUDGMENT**   *

Before  **TYMKOVICH** ,  **PORFILIO** , and  **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Petitioner Turman Manaor Hutahaean is a native and citizen of Indonesia.

He challenges the Board of Immigration Appeals' (BIA's) decision denying his

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

request to reopen and reconsider his application for asylum, restriction on removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

## BACKGROUND

Mr. Hutahaean was admitted to the United States on December 10, 2000, on a nonimmigrant tourist visa with authorization to remain for six months. After overstaying his visa, he appeared before an asylum officer and submitted an application for asylum, restriction on removal and protection under the CAT. On the application form, Mr. Hutahaean stated that he is a Christian and "would face death if forced to return to Muslim controlled Indonesia," A.R. 1172.

On September 4, 2002, Mr. Hutahaean testified before an Immigration Judge (IJ) that after he moved to Jakarta, he was robbed three times over a three year period because he was a Christian and was twice involved in Christian religious services that were stopped because of threats or intimidation. But Mr. Hutahaean also testified that neither he nor his father and siblings were ever physically harmed in his hometown, Pematang Siantar, where his father is a retired police sergeant. In an oral decision, the IJ denied Mr. Hutahaean relief from removal, reasoning that Mr. Hutahaean had been subjected to random criminal activity rather than persecution, and that he could return to his hometown

to avoid any future persecution. Consequently, the IJ ordered Mr. Hutahaean removed to Indonesia.

Mr. Hutahaean appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal on September 20, 2004. Mr. Hutahaean then filed with the BIA a "Motion to Reopen & Reconsider," stating that he "fear[s] for [his] life if forced back to Indonesia because the Muslim extremists are everywhere," A.R. at 6, and that "relocation is not a viable or even reasonable solution to surviving in Indonesia," A.R. at 7. The BIA denied the motion on February 7, 2005, observing that Mr. Hutahaean did "not specifically address [the] affirmance of the [IJ's] finding that [Mr. Hutahaean's] father, a former police officer, and other family members who are also Christians, have not been harmed and have safely resided within his hometown." A.R. 2-3. Mr. Hutahaean petitioned this court for review on March 7, 2005.

## DISCUSSION

"To be eligible for asylum, an alien must be a refugee, meaning that he or she must generally be outside his or her country of nationality and unable or unwilling to return to that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." *Elzour v. Ashcroft*, 378 F.3d 1143, 1148-49 (10th Cir. 2004) (quotation marks omitted). To obtain a restriction on

removal, an alien must show that his or her "life or freedom would be threatened in [the proposed country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also* 8 C.F.R. § 1208.16(b). The CAT prohibits the return of an alien to a country where "it is more likely than not that he or she would be tortured." 8 C.F.R. § 1208.16(c)(2).

Preliminarily, we note that our jurisdiction in this matter is limited to reviewing the BIA's denial of Mr. Hutahaean's "Motion to Reopen & Reconsider." No petition was filed in this court to review the BIA's decision affirming the IJ's decision and dismissing Mr. Hutahaean's administrative appeal, and the time to file expired roughly five months before the instant petition was filed. *See* 8 U.S.C. § 1252(b)(1) (requiring that a petition for review be filed no later than 30 days after the date of the final removal order); *Stone v. INS*, 514 U.S. 386, 405 (1995) (stating that a motion to reconsider does not affect a removal order's finality); 8 C.F.R. § 1241.1(a) (providing that a removal order becomes final upon the BIA's dismissal of an asylum applicant's appeal). Consequently, insofar as Mr. Hutahaean challenges more than the BIA's denial of his motion, we lack jurisdiction.

A motion to reopen seeks to present evidence that "is material and was not available and could not have been discovered or presented at the former hearing."

8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). A motion to reconsider, on the other hand, is available to raise errors of fact or law committed by the BIA in its prior decision, and must be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). "The decision to grant or deny a motion to reopen or reconsider is within the [BIA's] discretion." 8 C.F.R. § 1003.2(a). We will reverse only if the BIA's "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002) (quotation marks omitted).

In his motion, Mr. Hutahaean sought relief based on reports from the United States Department of State and news agencies purportedly showing a pattern and practice of persecution against Christians in Indonesia. But the IJ admitted over one thousand pages of such reports during the removal hearing, and Mr. Hutahaean failed to indicate in his motion how any reports issued after the hearing would have compelled the BIA to reverse the IJ. Further, Mr. Hutahaean did not address how any report undermined the IJ's finding that Mr. Hutahaean could avoid persecution by returning to Pematang Siantar, where his family has resided without physical harm. An asylum applicant such as Mr. Hutahaean who

has not demonstrated past persecution [1] cannot qualify for asylum under the "well-founded fear of persecution" alternative if he "could avoid persecution by relocating to another part of [his] country of nationality . . . [and] if under all the circumstances it would be reasonable to expect [him] to do so." 8 C.F.R. § 208.13(b)(2)(ii). Mr. Hutahaean bore the burden of showing that his relocation to Pematang Siantar would be unreasonable. *See* 8 C.F.R. § 208.13(b)(3)(I). As the BIA cited its unchallenged affirmance of the IJ's relocation finding as a basis for denying Hutahaean's motion, we cannot conclude that the BIA abused its discretion. [2]

---

[1] Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and requires more than just restrictions or threats to life and liberty." *Chaib v. Ashcroft*, 397 F.3d 1273, 1277 (10th Cir. 2005) (quotation marks omitted). The "Motion to Reopen & Reconsider" did not challenge the IJ's past persecution findings. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("Judicial review does not extend to points the alien could have made before the Board but did not."). And to the extent the motion sought reconsideration because the BIA affirmed the IJ's decision and dismissed Mr. Hutahaean's appeal in only five sentences, the motion was barred. *See* 8 C.F.R. § 1003.2(b)(3).

[2] Because the BIA acted within its discretion in denying reopening and reconsideration in the asylum context, it follows that there was no abuse of discretion in the context of restriction on removal. *See Krastev v. INS*, 292 F.3d 1268, 1271 (10th Cir. 2002). Nor has there been any demonstration of an abuse of discretion with respect to reopening or reconsideration under the CAT.

Accordingly, the petition for review is denied.

Entered for the Court


Bobby R. Baldock
Circuit Judge