**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 3, 2006**

**FOR THE TENTH CIRCUIT**

---

ARISTIDE DIEGNAN; GREGORIE F.
TONYE,

     Petitioners,

  v.

ALBERTO R. GONZALES, Attorney
General,

     Respondent.

No. 05-9596
(Nos. A95-899-329,330)
(Petition for Review)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Aristide Diegnan is a native and citizen of the Ivory Coast, and her

husband, Gregorie Tonye, is a native and citizen of Cameroon (petitioners). They

petition for review of two orders issued by the Board of Immigration Appeals

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(BIA) denying their "Motion to Reconsider and Remand." The petition for review is dismissed in part and denied in part, as set forth below.

## Background

Ms. Diegnan applied for asylum, restriction on removal, and relief under the Convention Against Torture in 2002.[1] After a hearing on the application, an immigration judge (IJ) issued an oral decision denying the relief sought and concluding that petitioners were ineligible for voluntary departure. The BIA affirmed the IJ's decision and dismissed petitioners' appeal on August 4, 2005. In so doing, the BIA issued a separate but essentially identical order for each petitioner. Admin. R. at 101, 342. Petitioners did not file a petition for review of the BIA's August 4 orders. Instead, they filed a "Motion to Reconsider and Remand," *id.* at 12-22, which the BIA denied on November 2, 2005, in two separate but–again–essentially identical orders, *id.* at 2, 339. This petition for review followed.

## Discussion

The majority of petitioners' appellate brief challenges the BIA's August 4 orders. But petitioners failed to timely file a petition for review of the August 4 orders as required by 8 U.S.C. § 1252(b)(1), and we therefore lack jurisdiction to consider them. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). We do, however, possess jurisdiction to review the BIA's denial of petitioners'

---

[1]     Mr. Tonye is a derivative applicant of Ms. Diegnan's claims for relief.

"Motion to Reconsider and Remand," *id.* at 1361, which the BIA treated as a motion to reopen and reconsider.

> A motion to reopen seeks to present evidence that is material and was not available and could not have been discovered or presented at the former hearing. A motion to reconsider, on the other hand, is available to raise errors of fact or law committed by the BIA in its prior decision, and must be supported by pertinent authority.

*Mahamat v. Gonzales*, 430 F.3d 1281, 1283 n.3 (10th Cir. 2005) (quotations and citations omitted).

We review the BIA's denial of petitioners' "Motion to Reconsider and Remand" for an abuse of discretion. *Infanzon*, 386 F.3d at 1362 (reviewing motion to reopen for abuse of discretion); *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (suggesting that motion to reconsider is reviewed for abuse of discretion); 8 C.F.R. § 1003.2(a) (providing that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board"). "We will reverse only if the BIA's 'decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Mahamat*, 430 F.3d at 1283 (quoting *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002)). Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we conclude that the BIA did not abuse its discretion in denying petitioners' "Motion to Reconsider and Remand."

## Conclusion

To the extent petitioners challenge the BIA's orders of August 4, 2005, we DISMISS the petition for review for want of jurisdiction. *See Infanzon*, 386 F.3d at 1361. To the extent petitioners challenge the BIA's orders of November 2, 2005, denying their "Motion to Reconsider and Remand," we DENY the petition for review.

Entered for the Court

Deanell Reece Tacha
Chief Circuit Judge