**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

YOLDIE FERRY UMBOH,

      Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

      Respondent.

No. 06-9500
(No. A95-554-885)
(Petition for Review)

_____

ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

_____

Yoldie Ferry Umboh is a native and citizen of Indonesia. He petitions for

review of a decision from the Board of Immigration Appeals (BIA) denying his

motion to reopen. Mr. Umboh sought to reopen his immigration proceedings

based on ineffective assistance of counsel and changed circumstances. The BIA

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

concluded that Mr. Umboh failed to demonstrate that he was prejudiced by his representatives'[1] deficient performance. The BIA also determined that Mr. Umboh had not demonstrated that reopening was warranted based on changed circumstances. We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a) and we affirm.

## Background

Mr. Umboh applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT) and voluntary departure. After a hearing on the application, the Immigration Judge (IJ) found that Mr. Umboh was statutorily barred from qualifying for asylum because he did not apply within one year of entering the United States and did not demonstrate exceptional circumstances or changed country conditions to exempt him from the filing deadline.

The IJ noted that even if Mr. Umboh was not time-barred from being considered for asylum, he had not established the requisite level of persecution. The IJ expressed doubts about Mr. Umboh's claim that he had been beaten in 1994, considering his failure to mention the beating in his asylum application, but stated that even assuming that the beating occurred, Mr. Umboh had only shown harassment and not persecution. Because Mr. Umboh could not meet his burden

---

[1] In this decision, the term "representatives" refers to the persons that were chosen by Mr. Umboh as his representatives. Neither of these representatives were actually attorneys.

of establishing his eligibility for asylum, the IJ concluded that Mr. Umboh had likewise fallen short of meeting the higher burden for withholding of removal or protection under the CAT. Finally, the IJ denied Mr. Umboh's request for voluntary departure noting that Mr. Umboh had been equivocal as to whether he would actually depart.

The BIA affirmed the IJ's decision on June 13, 2005. Mr. Umboh did not file a petition for review of that decision. Instead, in August 2005, he filed a motion to reopen alleging ineffective assistance of counsel by his two representatives. In its decision denying the motion, the BIA addressed each of Mr. Umboh's contentions and explained how Mr. Umboh had not demonstrated that he was prejudiced by any of the representatives' alleged deficiencies. Because Mr. Umboh had not suffered any prejudice, he was not entitled to have the proceedings reopened.

The BIA also addressed Mr. Umboh's assertion that reopening was warranted based on new circumstances. The BIA noted that "[t]o warrant reopening, the evidence of changed circumstances must be material and must have been unavailable, undiscoverable, or unpresentable at the previous hearing." Admin. R. at 4 (quoting 8 C.F.R. § 1003.2(c)(3)(ii)). The BIA concluded that: "The circumstances asserted by respondent are not indicative of a material change . . . . Rather, they indicate that Indonesia's long and unfortunate history of interreligious violence and discrimination continues." *Id.*

Mr. Umboh filed a timely petition for review from the BIA's denial of his motion to reopen.

## Discussion

In portions of Mr. Umboh's brief, he appears to challenge the BIA's June 13, 2005 order affirming the IJ's decision. *See*, *e.g.*, Petitioner's Brief at 21. We lack jurisdiction to review the BIA's June 13, 2005 decision because Mr. Umboh did not file a timely petition for review from that decision as required by 8 U.S.C. § 1252(b)(1). *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003).

Mr. Umboh did timely file a petition for review of the BIA's December 7, 2005 decision denying his motion to reopen. Admin. R. 000002-000004. We review that decision for abuse of discretion.[2] *See Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002); 8 C.F.R. § 1003.2(a) (providing that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA]"). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from

---

[2] Mr. Umboh asserts that this court should review this decision de novo because he is asserting a constitutional challenge. In support, he relies on 8 U.S.C. § 1252(a)(D)(2). Mr. Umboh's argument mixes apples and oranges. Section 1252(a)(D)(2) addresses the scope of this court's *jurisdiction* to review certain discretionary decisions that involve constitutional challenges, but does not address the *standard of review* for cases involving those challenges. There has been no change in the law of this circuit regarding the standard of review for a motion to reopen involving an ineffective assistance of counsel claim. *See Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002).

established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Osei*, 305 F.3d at 1208 (quotation omitted). Here on the contrary, having reviewed the decision, the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we conclude that the BIA did not abuse its discretion in denying Mr. Umboh's motion to reopen. Admin. R. at 000004.

The decision of the BIA is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge