[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10323

Non-Argument Calendar

_____

JOSE L. SALGADO-ESCAMILLA,

                                                        Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A089-787-399

_____

Before JILL PRYOR, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jose Salgado-Escamilla ("Salgado-Escamilla"), a native and citizen of Mexico, seeks review of a Board of Immigration Appeals' (BIA) order denying his motion to reopen his removal proceedings. On appeal, Salgado argues that the BIA abused its discretion in denying his motion to reopen as untimely and number-barred. Salgado-Escamilla also argues that the BIA failed to give reasoned consideration to his claim for equitable tolling based on his allegation that he received ineffective assistance of counsel at his merits hearing. Finally, Salgado-Escamilla argues that the BIA abused its discretion in failing to give reasoned consideration to his request to *sua sponte* reopen his removal proceedings.

I.

Salgado-Escamilla is a native and citizen of Mexico who illegally entered the United States at some point in time. On March 1, 2015, a Notice to Appear was issued charging Salgado-Escamilla as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). On March 18, 2015, through his then counsel, Elizabeth Bryan, Salgado-Escamilla conceded that he was an illegal alien and that he was removable as charged. Four months later, and now represented by Charles Trulock ("Trulock"), Salgado-

Escamilla filed an application for cancellation of removal under INA § 240A(b)(1).

To be eligible for cancellation of removal under § 240A(b)(1) of the INA, an individual must establish (1) that he has been physically present in the United States for a continuous period of not less than 10 years; (2) has been a person of good moral character during such period; (3) has not been convicted of an offense under Section 212(a)(2), 237(a)(2), or 237(a)(3) of the Act, and (4) that his removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child who is a citizen of the United States or an alien admitted for lawful permanent residence.

Although the Immigration Judge (the "IJ") found Salgado-Escamilla met the first three requirements for eligibility, the IJ found that he had failed to establish that his removal would result in an exceptional and extremely unusual hardship to his only qualifying relative: his eight-year-old son. Salgado-Escamilla testified that, were he to be deported, he would take his son to Mexico with him and that this would be a hardship to the child. The IJ, however, found no evidence in the record to suggest that the move to Mexico would work an exceptional and extremely unusual hardship to the child: the child spoke and understood Spanish, was doing well in school, and did not suffer from any disabilities or physical health issues that would make moving a challenge. Accordingly, Salgado-Escamilla was ordered removed.

Salgado-Escamilla appealed the decision of the IJ to the BIA. Salgado-Escamilla argued that Trulock had failed to properly represent him before the IJ but provided no evidence to support his claim of ineffective assistance of counsel. After reviewing the record, the BIA found that Salgado-Escamilla had failed to show that his son would suffer an exceptional and unusual hardship were Salgado-Escamilla to be deported. Additionally, the BIA found that Salgado-Escamilla had failed to demonstrate ineffective assistance of counsel because he had failed to comply with the *Matter of Lozada* procedural requirements[1] for making such a claim. The BIA therefore dismissed the appeal on March 30th, 2018. Salgado-Escamilla did not file a petition for review following the Board's decision.

On October 5, 2018, Salgado-Escamilla filed a motion to reopen. He once again argued that Trulock had failed to adequately represent him at his removal hearing, but this time included the necessary affidavits and information required under *Matter of Lozada*.

---

[1] To perfect an ineffective assistance of counsel claim, an individual (1) must provide an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the individual in this regard; (2) must provide the counsel whose integrity or competence is being impugned with notice of the allegations leveled against her and be given an opportunity to respond; (3) must note whether a complaint has been filed with the appropriate disciplinary authorities and if not, why not. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

On February 18, 2020, the BIA denied the motion to reopen. The BIA gave two reasons for its decision. First, the BIA found the motion to reopen to be untimely. Although a motion to reopen must be filed no later than 90 days after the final administrative order is entered, Salgado-Escamilla waited six months before filing his motion to reopen and offered no explanation for the delay. Second, the BIA found even if the motion were not untimely, Salgado-Escamilla had failed to show that he sought to introduce material evidence that was unavailable and undiscoverable at the time of his removal hearing. That is, Salgado-Escamilla provided no explanation for why he had failed to comply with the evidentiary requirements of *Matter of Lozada* at his removal hearing.

Salgado-Escamilla filed a second motion to reopen on August 20, 2020. He repeated his argument that Trulock had failed to provide effective assistance of counsel. He then argued that the filing deadline should be equitably tolled. Finally, he requested that the BIA reopen his case *sua sponte*.

On January 13, 2021, the BIA denied Salgado-Escamilla's second motion to reopen. The BIA found that the motion was both untimely and number-barred and that no exception to the filing deadlines applied. The BIA also found no evidence suggesting "an exceptional situation [that would] warrant the exercise of [its] limited *sua sponte* authority."

Salgado-Escamilla now appeals the denial of his second motion to reopen and argues (1) the BIA abused its discretion in

denying his motion to reopen as untimely and number-barred; (2) the BIA failed to give reasoned consideration to his claim for equitable tolling based on his allegation that he received ineffective assistance of counsel at his merits hearing; (3) the BIA abused its discretion in failing to give reasoned consideration to his request to *sua sponte* reopen his removal proceedings.[2]

## II.

We review the denial of a motion to reopen immigration proceedings for an abuse of discretion; our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The petitioner bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the

---

[2] On May 20, 2021, Salgado-Escamilla submitted a letter to the Court, citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Salgado-Escamilla notes that *Niz-Chavez* held that a Notice to Appear which does not contain the time and place of initial proceedings is not sufficient to trigger the stop-time rule set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. The stop-time rule provides that the period of continuous presence "shall be deemed to end . . . when the alien is served a notice to appear" in a removal proceeding under 8 U.S.C. § 1229(a). 8 U.S.C. § 1229b(d)(1). Salgado-Escamilla alleges that he received a defective Notice to Appear (i.e., one without the date and time of the hearing) and that, as a result of the Court's holding in *Niz-Chavez*, the removal proceedings against him are defective and should be terminated. *Niz-Chavez*, however, does not affect our analysis in this case. The Court's decision in *Niz-Chavez* focused on "[w]hat qualifie[d] as a notice to appear sufficient to trigger the time-stop rule." *Niz-Chavez*, 141 S. Ct. at 1479. The time-stop rule is not at issue in this case, as Salgado-Escamilla has shown he has lived in the U.S. continuously for at least ten years.

21-10323               Opinion of the Court                    7

context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (citing *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992)).

We review *de novo* alleged legal errors, such as whether the agency failed to give reasoned consideration to an issue. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016) (citing *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1230–31 (11th Cir. 2013)).

III.

A.

An alien may file one motion to reopen within ninety days of the date of the final order of removal. 8 U.S.C. § 1229(a)(c)(7); 8 C.F.R. § 1003.2(c).   The Board entered the final administrative order of removal with respect to Salgado-Escamilla on March 30, 2018.[3]   Thus, Salgado-Escamilla had until June 28, 2018, to file his motion to reopen.   Salgado-Escamilla, however, did not file a motion to reopen until October 5, 2018, nearly six months later. He filed a second motion to reopen—the subject of this appeal—in

---

[3] Salgado-Escamilla seems to argue that he can file a motion to reopen after each ruling by the BIA.  We have held, however, that while the numerical limit does not limit an alien to only one motion to reopen during the entire removal proceedings, it does apply to each decision by the BIA that an alien is removable.  *See Montana Cisneros v. U.S. Att'y. Gen.*, 514 F.3d 1224, 1228 (11th Cir. 2008) (allowing a motion to reopen for each decision of removability).  Both of Salgado-Escamilla's motions concern the same order of removability and so the numerical limit does apply.

August of 2020, more than two years after the final order of removal. Clearly, the Board did not abuse its discretion in finding that Salgado-Escamilla's second motion to reopen was both untimely and number-barred.

## B.

The 90-day deadline for a motion to reopen is a non-jurisdictional claim-processing rule and is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359 (11th Cir. 2013). Equitable tolling of a time deadline generally requires a showing that the litigant "(1) . . . has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, 111 S. Ct. 453, 457–58 (1990)).

Salgado-Escamilla argues that the BIA abused its discretion by failing to rule on whether equitable tolling was proper in this case. The BIA, however, found that Salgado-Escamilla "had not shown that any exception to the filing deadline applies or should be applied in his case." In doing so, the BIA necessarily rejected any equitable tolling argument Salgado-Escamilla raised.

Furthermore, even if the BIA did fail to properly consider the equitable tolling argument, any failure to do so was harmless because the BIA denied Salgado-Escamilla's motion on the alternative ground that the evidence Salgado-Escamilla brought was previously available. A motion to reopen must be

21-10323                 Opinion of the Court                 9

accompanied by evidence that was not available and could not have been discovered or produced at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Here, Salgado-Escamilla raised his ineffective assistance of counsel claim in both his initial appeal and his first motion to reopen. As the BIA noted in its order, it "is unclear how the evidence submitted and the arguments raised in the current motion were not available and could not have been discovered or presented at the former hearing." Nor does Salgado-Escamilla dispute the Board's conclusion that he failed to demonstrate that the evidence was new and previously unavailable.[4]

Thus, even if the BIA did not provide reasoned consideration to Salgado-Escamilla's equitable tolling argument, any failure to do so was harmless because the Board was correct in concluding – in the alternative – that Salgado-Escamilla had failed to meet § 1003.2(c)(1)'s previously unavailable requirement.

## C.

This Court lacks jurisdiction to review the BIA's decision not to reopen proceedings on its own motion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292–93 (11th Cir. 2008). Salgado-Escamilla,

---

[4] Salgado-Escamilla instead argues that the previous availability of evidence is not a proper basis to deny a motion to reopen based on ineffective assistance of counsel. Salgado-Escamilla, however, cites no authority from this Court supporting this proposition and the law he cites from other circuits either does not support his argument (*Osei v. I.N.S.*, 305 F.3d 1205, 1208–09 (10th Cir. 2002)) or is not precedential (*Sene v. Gonzales*, 453 F.3d 383, 388 (6th Cir. 2006) (Clay, J., dissenting)).

21-10323                Opinion of the Court                10

however, argues that we do have jurisdiction to review constitutional claims related to the BIA's refusal to exercise its *sua sponte* power.[5]   He argues that the Board "did not address his request for *sua sponte* reopening" and therefore violated his right to due process under the Fifth Amendment. While Salgado-Escamilla may be right that we have jurisdiction to consider constitutional claims related to the BIA's refusal to reopen proceedings, the record makes clear that no constitutional violation occurred here. Procedural due process claims must assert a deprivation of a constitutionally protected liberty or property interest. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018).    There is "no constitutionally protected interest in purely discretionary forms of relief"—and this includes motions to reopen. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).[6]   Thus, we lack jurisdiction to review the Board's refusal to reopen the removal proceedings *sua sponte*.

---

[5] Salgado-Escamilla grounds his argument in footnote 7 of our opinion in *Lenis*, where we noted "in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its sua sponte power." *Lenis*, 525 F.3d at 1294 n.7.  Because no constitutional claim was presented in *Lenis*, however, we did not decide whether we in fact had such power.

[6] Even if an individual did have a constitutionally protected interest in a motion to reopen, Salgado-Escamilla's reporting of the record is just plainly incorrect.  The BIA did in fact address Salgado-Escamilla's request for *sua sponte* reopening and explained its reasoning for declining to reopen his case: Salgado-Escamilla's motion "[did] not demonstrate an exceptional situation to warrant the exercise of our limited *sua sponte* authority."

## IV.

As to the claims properly before this Court, we find nothing to indicate that the BIA abused its discretion or demonstrated a lack of reasoned consideration.

**PETITION DENIED in part and DISMISSED in part.**