**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDREI HEDZIUN,

Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 07-9581
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

When Andrei Hedziun failed to appear at a scheduled hearing on his asylum

application, an immigration judge (IJ) entered an order in absentia removing him

to Belarus under 8 U.S.C. § 1229a(b)(5)(A). The IJ subsequently denied his

pro se motions to reopen his case and for reconsideration. He appealed the IJ's

denial of his motion for reconsideration to the Board of Immigration Appeals

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(BIA or Board). He now seeks review of the BIA's order affirming the IJ's denial of his motion for reconsideration. We have jurisdiction under 8 U.S.C. §§ 1252 and 1229(b)(5)(D), and we deny the petition for review.

## Background

Mr. Hedziun, a native and citizen of Belarus, entered the United States in June 1999 and overstayed his student visa. He was served with a notice to appear in 2004, and he filed an asylum application in 2005. Petitioner failed to appear at a scheduled hearing on October 24, 2006, and the IJ entered a removal order in absentia. After being detained by the Department of Homeland Security, and nearly five months after the removal order was entered, he filed a motion in the Immigration Court under 8 C.F.R. § 1003.23(b) to reopen his case and rescind the order. Asserting that his counsel's ineffective assistance caused him to miss the hearing, he sought equitable tolling of the time period for filing his motion. The IJ denied the motion to reopen. The IJ also denied petitioner's motion for reconsideration, which he appealed to the BIA. The BIA affirmed the IJ's decision and dismissed the appeal.

## Jurisdiction and Standard of Review

We have jurisdiction to review the agency's denial of Mr. Hedziun's motion for reconsideration.[1] *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62

---

[1]     We do not have jurisdiction to review the IJ's in-absentia removal order or
(continued...)

-2-

(10th Cir. 2004) (holding motions to reopen and reconsider are discretionary decisions subject to judicial review). Because his motion for reconsideration involved an order of removal entered in absentia, our jurisdiction is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D); *see Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003). Notwithstanding that jurisdictional limitation, we may also review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Petitioner does not contend that he failed to receive notice of the hearing or that he is not removable. In his petition for review he addresses only the reason for his failure to attend the hearing, asserting a constitutional claim that his due process rights were violated by his counsel's ineffective assistance.

We review the agency's denial of a motion for reconsideration for an abuse of discretion. *See Belay-Gebru v. I.N.S.*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or

_____

[1](...continued)
the IJ's denial of Mr. Hedziun's motion to reopen because he did not exhaust administrative remedies by seeking review of those decisions with the BIA. *See Rivera-Zurita v. I.N.S.*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter.").

contains only summary or conclusory statements." *Tang*, 354 F.3d at 1194

(quotation omitted). Because a single member of the BIA affirmed the IJ's denial

of petitioner's motion for reconsideration in a brief order, *see* 8 C.F.R.

§ 1003.1(e)(5), we review the BIA's order rather than the decision of the IJ, *see*

*Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "However, when

seeking to understand the grounds provided by the BIA, we are not precluded

from consulting the IJ's more complete explanation of those same grounds."

*Id.* at 1204.

## *Discussion*

An order of removal entered in absentia may be rescinded "upon a motion

to reopen filed within 180 days after the date of the order of removal if the alien

demonstrates that the failure to appear was because of exceptional

circumstances." § 1229a(b)(5)(C)(i).[2] "Exceptional circumstances" are "beyond

the control of the alien," including "circumstances []such as battery or extreme

cruelty to the alien or any child or parent of the alien, serious illness of the alien,

---

[2]    Mr. Hedziun did not file his motion to reopen within 180 days of the IJ's in-absentia removal order, as required by § 1229a(b)(5)(C)(i). He argued that his counsel's ineffective assistance justified equitable tolling of the time limit for filing his motion. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257-58 (10th Cir. 2002) (discussing application of equitable tolling to time limitation for filing motion to reopen based on ineffective assistance of counsel). But the BIA did not address the timeliness of petitioner's motion to reopen or his equitable tolling argument, basing its decision instead on his failure to demonstrate exceptional circumstances. Consequently, we do not address Mr. Hedziun's argument that the agency abused its discretion in failing to apply equitable tolling.

-4-

or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

Petitioner had the difficult burden of establishing exceptional circumstances. *See Tang*, 354 F.3d at 1194. He attempted to meet this burden by demonstrating that his due process rights were violated by his counsel's ineffective assistance. *See id.* at 1196 (assuming without deciding that counsel's deficient performance can amount to exceptional circumstances). There is no right to appointed counsel in removal proceedings. *See Osei v. I.N.S.*, 305 F.3d 1205, 1208 (10th Cir. 2002). But "[t]his court has recognized that the Fifth Amendment guarantees aliens subject to deportation the right to a fundamentally fair deportation proceeding." *Id.* In order to state a Fifth Amendment violation, petitioner "must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair." *Akinwunmi v. I.N.S.*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999).

Mr. Hedziun asserted in his motion for reconsideration that he asked his counsel to seek a continuance two or three days before the hearing, because financial difficulties prevented him from being able to attend. But, rather than moving for a continuance, petitioner claims that his counsel attended the hearing, stated that he did not know where Mr. Hedziun was, and asked for permission to withdraw as petitioner's counsel, which the IJ granted. Petitioner contended that, under these circumstances, his counsel provided ineffective assistance, which

-5-

constituted exceptional circumstances excusing his failure to appear. Therefore, he argued that the IJ's denial of his motion to reopen was an abuse of discretion. The IJ denied Mr. Hedziun's motion for reconsideration, and agreeing with the IJ's decision, the BIA dismissed his appeal.

The BIA specifically agreed with the IJ that Mr. Hedziun failed to establish exceptional circumstances for his failure to appear at the October 24, 2006, hearing. The Board did not expressly decide whether his counsel's actions so prejudiced petitioner that his immigration proceeding was fundamentally unfair. Instead, the BIA reasoned that a motion for a continuance would not relieve him of his responsibility to appear at the hearing. Therefore, his failure to appear would not be excused even if his counsel had filed such a motion. Moreover, the BIA concluded that he failed to show good cause for a continuance based solely upon his claim of financial hardship.[3]

---

[3] The IJ's decision provided a more complete explanation of the BIA's conclusion that petitioner failed to show good cause for a continuance of the hearing:

> Respondent had notice of his hearing on December 5, 2005. . . . Thus, Respondent had over nine months to arrange travel to the Immigration Court. Pursuant to 8 C.F.R. § 1003.29 (2007), an IJ will grant a continuance only for "good cause shown." Respondent fails to convince the Court that the IJ would have likely, or even possibly, granted a motion for continuance two days before a removal proceeding, especially in light of the probability that it was due to his own poor planning.

(continued...)

-6-

In his petition for review, Mr. Hedziun renews his contention that the agency abused its discretion in denying his motion for reconsideration because he demonstrated exceptional circumstances based upon his counsel's ineffective assistance.[4] We disagree. The BIA correctly concluded that the filing of a motion for a continuance would not have excused his failure to appear. *Cf. Tang*, 354 F.3d at 1195 (holding that pending motion for change of venue did not excuse alien's attendance at hearing). Moreover, the Board determined that, because he failed to show good cause for a continuance of the hearing, his counsel's failure to ask for one could not amount to exceptional circumstances excusing his failure to appear. The BIA provided a rational explanation for its conclusion and petitioner has not shown that the Board's decision "inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 1194. We conclude that the BIA did not abuse its discretion in affirming the IJ's denial of Mr. Hedziun's motion for

---

[3](...continued)
Admin. R. at 26.

[4]     Petitioner also devotes several pages of his appeal brief to other arguments. First he contends that the IJ abused his discretion in holding that the motion for reconsideration was untimely. But the BIA held to the contrary that the motion was timely, and dismissed the appeal on other grounds. He also appears to argue that he was only required to demonstrate "extraordinary circumstances" under 8 U.S.C. § 1158(a)(2)(D), which he contends is an easier standard to meet than "exceptional circumstances." But the "extraordinary circumstances" standard applies only to excusing a delay in filing an asylum application, an issue not relevant to the agency's denial of petitioner's motion for reconsideration.

reconsideration of the IJ's denial of his motion to reopen his removal proceedings.

The petition for review is DENIED. Petitioner's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Jerome A. Holmes
Circuit Judge
