UNITED STATES COURT OF APPEALS

**January 28, 2009**

FOR THE TENTH CIRCUIT

ALEX OSEIWUSU, a/k/a Alex II
Oseiowusu,

        Petitioner,

v.

MARK FILIP,[*] Acting United States
Attorney General,

        Respondent.

No. 08-9525
(Petition for Review)

---

### ORDER AND JUDGMENT[**]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

        Alex Oseiwusu, a native and citizen of Ghana, petitions for review of the

denial of a motion to reopen his removal proceedings. We exercise jurisdiction

---

[*]       On January 20, 2009, Mark Filip became the Acting United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Filip is substituted for Michael B. Mukasey as the respondent in this action.

[**]       After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 8 U.S.C. § 1252(a) to deny the petition in part, but we dismiss the petition in part for lack of jurisdiction with regard to an issue Mr. Oseiwusu failed to exhaust before the Board of Immigration Appeals (BIA or Board). We also dismiss his motion to correct the record with transcripts of certain hearings on the ground that he did not exhaust his administrative remedies with regard to the need for transcripts.

## I. Background

Mr. Oseiwusu was removed from the United States in 1998 and illegally reentered in 1999. The Department of Homeland Security charged him as removable in 2005. Accompanied by counsel, he appeared for a master calendar hearing before an immigration judge (IJ) in Denver, Colorado, on April 4, 2006, and another hearing was scheduled for August 1, 2006. The IJ announced the date of the next hearing in Mr. Oseiwusu's presence, but Mr. Oseiwusu claims his attorney told him to wait outside the courtroom while the attorney waited for a written copy of the hearing notice. Admin. R. at 117, ¶ 9. Mr. Oseiwusu's attorney appeared for the hearing on August 1 but Mr. Oseiwusu did not, and the IJ entered an order of removal *in absentia*.

On August 30, 2006, through the same attorney, Mr. Oseiwusu filed a motion to reopen the proceedings and rescind the removal order, claiming that a hand injury had prevented him from traveling to Denver from his home in Seattle, Washington, to attend the August 1 hearing. The IJ denied the motion on the

ground that Mr. Oseiwusu did not meet any of the statutory requirements for rescission of an *in absentia* order of removal under 8 U.S.C. § 1229a(b)(5)(C).[1]

Mr. Oseiwusu did not appeal the denial of his motion to reopen to the BIA. Rather, he obtained new counsel and, in January 2007, filed a misconduct complaint against prior counsel with the Colorado Supreme Court's Office of Attorney Regulation Counsel. In a response, Mr. Oseiwusu's prior counsel largely denied all of Mr. Oseiwusu's allegations.

Shortly thereafter, on February 7, 2007, Mr. Oseiwusu filed a second motion to reopen and rescind. In the second motion, Mr. Oseiwusu argued that his prior attorney's assistance was ineffective in a number of ways, including that the attorney (1) received written notice of the August 1 hearing but failed to provide a copy to him; (2) failed to return telephone calls during the months leading up to the August hearing; (3) failed to inform Mr. Oseiwusu that the *in*

---

[1] Section 1229a(b)(5)(C) provides that an *in absentia* order of removal

may be rescinded only–

(I) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or

(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

*absentia* order of removal had been entered; (4) failed to file a motion to reopen based on the attorney's own misconduct; and (5) failed to notify Mr. Oseiwusu of the denial of his first motion to reopen. Mr. Oseiwusu also admitted that, at the hearing in April 2006, he had heard the IJ announce that his next hearing would be August 4, not August 1. He further stated that he had traveled to Denver on August 3 for the hearing he believed had been scheduled for August 4.

Despite observing that the two motions to reopen contained inconsistent factual assertions, the IJ denied the second motion for failure to meet any of the requirements under § 1229a(b)(5)(C). The IJ found that but for Mr. Oseiwusu's own mistake in hearing the date, he would have been present on August 1, so he could not establish lack of notice. The IJ also found that the attorney had not misled Mr. Oseiwusu about the date but instead had a reasonable belief that Mr. Oseiwusu was aware of the correct date; therefore, the IJ concluded, Mr. Oseiwusu had not established exceptional circumstances.[2] Nor had he shown that he was incarcerated.

Mr. Oseiwusu appealed the IJ's decision to the BIA, arguing that he missed the August 1 hearing due to ineffective assistance of counsel. Like the IJ, the Board concluded that Mr. Oseiwusu had missed the hearing because he had confused the date of his required appearance. The Board considered that

---

[2]    The IJ made no factual findings with respect to any of Mr. Oseiwusu's allegations regarding his first attorney's failure to provide him with a copy of the written notice or effectively communicate with him.

Mr. Oseiwusu had some difficulties communicating with his former attorney but concluded that the attorney had not caused Mr. Oseiwusu to miss the hearing by providing false or misleading information. Thus, the Board determined that Mr. Oseiwusu had not established exceptional circumstances that warranted reopening the proceedings. Mr. Oseiwusu then filed the present petition for review, represented by yet another attorney.

## II. Standards of Review

The BIA's affirmance is set out in a brief order issued by a single Board member under 8 C.F.R. § 1003.1(e)(5). It is an independent BIA decision that is final and reviewable. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "Accordingly, . . . we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Id.* But "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.*

We review the denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted).

### III. Discussion

Mr. Oseiwusu raises two issues for review, (1) that the immigration court failed to serve him personally with written notice of the August 1 hearing and (2) that his first attorney's ineffective assistance of counsel constitutes "exceptional circumstances" that justify reopening his proceedings and rescinding his removal order. He also moves this court to direct respondent to correct the record by supplying transcripts of the hearings before the IJ, apparently both the April 4 and August 1, 2006, hearings. We address these issues in order.

### A. Failure to serve Mr. Oseiwusu personally

Mr. Oseiwusu's first point concerns the fact that the immigration court served written notice of the August 1 hearing to his attorney but not to him personally. He acknowledges that under 8 U.S.C. § 1229a(b)(5)(A), an *in absentia* order of removal may be entered where notice of a hearing is served only on counsel of record, but he argues that the standard is different when an alien files a motion to reopen. He claims that § 1229a(b)(5)(C)(ii) requires rescission of an *in absentia* order of removal when an alien files a motion to reopen and can demonstrate that he did not receive notice in accordance with 8 U.S.C. § 1229(a), a statute cross-referenced in § 1229a(b)(5)(C)(ii). Section 1229(a) requires personal service of a written notice to appear on an alien when "practicable" with regard to, among other things, the time and place of a removal proceeding. *See* 8 U.S.C. §§ 1229(a)(1)(G), (a)(2)(A)(I). Because he was present at the April 4

hearing, Mr. Oseiwusu contends that personal service of the notice on him was practicable, and therefore his motion to reopen should have been granted and the *in absentia* removal order rescinded.

Respondent contends that we lack jurisdiction to review this issue because it was not raised before the BIA. We agree. We "may review a final order of removal only if [an] alien has exhausted all administrative remedies available to the alien as of right[.]" *Id.* § 1252(d)(1).[3] In this circuit, issue exhaustion is a jurisdictional requirement. *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991). And we have held that "where a specific issue was not addressed in administrative proceedings in the manner it is now addressed before us, general statements in the notice of appeal to the BIA are insufficient to constitute exhaustion of administrative remedies." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1018 (10th Cir. 2007).

Mr. Oseiwusu admits that in his brief before the BIA, he focused on his first attorney's failure to provide him with a copy of the written notice, but he contends that the issue of deficient notice "was staring straight at the Board." Reply Br. at 4. Our review of the record convinces us otherwise. In his BIA brief, Mr. Oseiwusu stated that his "claim is based on his prior attorney's failure

---

[3]     Although the statute refers only to final orders of removal, we have held that orders denying motions to reopen are separately appealable, at least where jurisdiction over the underlying order is not precluded. *See Infanzon*, 386 F.3d at 1362.

to adequately provide him with notice of his hearing date through lack of reasonable diligence, lack of effective communication, and general negligence." Admin. R. at 23. He then referred to § 1229(a)(1) for the proposition that an alien must "be given written notice of the time and place of [a] hearing," but he immediately continued that "[w]ritten notice to [an alien's] counsel of record, absent 'egregious circumstances,' is deemed constructive written notice on the [alien]." *Id.* As support for the latter statement, Mr. Oseiwusu cited § 1229(a)(1) for the proposition that "written notice [is] satisfied by service on [an] alien's counsel of record." *Id.* Two pages later, he stated that

> while serving written notice on [an alien's] attorney of record satisfies the court's responsibility to provide written notice to [the alien], that does not obviate the attorney's responsibilities of communicating with his client and acting with reasonable diligence and promptness in ensuring that the written notice is provided in some form to the client.

*Id.* at 25. And one page later, he opined that the fact that he received oral notice in the immigration court "should not free [his first attorney] from his duty to adequately notify his client of his hearing date. If that were the case, the requirement of *written* notice under the [Immigration and Nationality] Act would become superfluous." *Id.* at 26.

These statements fail to make clear that Mr. Oseiwusu was taking issue with the immigration court's failure to serve him with a copy of the written notice personally. To the contrary, as he admits in his appellate brief, his challenge

focused on his attorney's failure to provide him with a copy of the notice. Moreover, Mr. Oseiwusu did not ask the BIA to determine whether it was practicable for the immigration court to have served written notice on him personally. Indeed, his arguments imply that it would have been enough if his attorney had done so. Thus, he failed to address the issue in his brief "in the manner it is now addressed before us." *Torres de la Cruz*, 483 F.3d at 1018.

Mr. Oseiwusu made similar if not identical statements in his notice of appeal to the BIA. One point, however, that appears in the notice of appeal but not his BIA brief is that "[t]he IJ's reasoning [that the attorney had a reasonable belief Mr. Oseiwusu knew of the proper hearing date] completely obviates [Mr. Oseiwusu's] right to written notice under [§ 1229(a)(1)(G)]." Admin. R. at 48. In view of the contention in his later brief, that "written notice [is] satisfied by service on [an] alien's counsel of record," *id.* at 23, the reference in the notice of appeal to the statute and the right to written notice under it is, in our opinion, too vague to alert the BIA of the argument he now has crystallized, that he is entitled to rescission of the *in absentia* removal order because it was practicable for the immigration court to serve him personally with written notice of the August 1 hearing and the court did not do so.

Based on the foregoing, we conclude that, before the BIA, Mr. Oseiwusu failed to address the issue of the immigration court's failure to provide him with written notice of the August 1 hearing in the manner he does before this court.

*See Torres de la Cruz*, 483 F.3d at 1018. Additionally, the BIA did not address the issue in its decision, which itself would have rendered it exhausted regardless of our view of whether Mr. Oseiwusu had adequately raised it. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1120, 1122 (10th Cir. 2007). Accordingly, the issue is not exhausted, and we lack jurisdiction to consider it.[4]

**B. Ineffective assistance of Mr. Oseiwusu's first attorney**

Mr. Oseiwusu's remaining argument is that his first attorney rendered ineffective assistance of counsel by failing to provide a copy of the written notice and failing to communicate effectively. Mr. Oseiwusu claims that his first attorney's performance constitutes "exceptional circumstances" under § 1229a(b)(5)(C)(I) that warrant reopening the proceedings and rescinding the *in absentia* removal order.

Respondent contends that contrary to our prior case law, *see, e.g.*, *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002) (holding that despite lacking a right to appointed counsel, a petitioner "can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, the petitioner was denied a fundamentally fair proceeding"), an alien in removal proceedings has no right to effective assistance of counsel under the Fifth Amendment because such

---

[4]    Even if we considered this issue exhausted, Mr. Oseiwusu's admission that he left the courtroom while his first attorney waited for a copy of the written notice to appear is seriously detrimental if not fatal to his argument that it was "practicable" for the immigration court to serve the written notice on him personally.

an alien has no Sixth Amendment right to counsel.  Therefore, respondent

concludes, Mr. Oseiwusu cannot prevail on his argument.

Respondent's contention misses the mark.  Despite the semantics of

Mr. Oseiwusu's argument, our task is not to resolve a claim of constitutionally

defective performance.  Rather, we are confronted with a statutory issue—whether

Mr. Oseiwusu established exceptional circumstances under § 1229a(b)(5)(C)(I).

"Exceptional circumstances" is defined by statute:

> The term "exceptional circumstances" refers to exceptional
> circumstances (such as battery or extreme cruelty to the alien or any
> child or parent of the alien, serious illness of the alien, or serious
> illness or death of the spouse, child, or parent of the alien, but not
> including less compelling circumstances) beyond the control of the
> alien.

8 U.S.C. § 1229a(e)(1).  Nothing in this definition requires a deprivation of

constitutional magnitude, including when, as here, the allegations relate to an

attorney's performance.[5]  As in the past, we will "assum[e] without deciding that

---

[5]     We note that since briefing in this matter was completed, the Attorney
General has issued an opinion in which he concluded that aliens in removal
proceedings do not have a constitutional right to counsel under the Fifth or Sixth
Amendments.  *Matter of Compean*, 24 I. & N. Dec. 710, 726 (A.G. 2009),
*overruling Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *and Matter of
Assaad*, 23 I. & N. Dec. 553 (BIA 2003).  We acknowledge the conflict between
*Compean*, which is not binding on this court, *see Edwards v. Carter*, 580 F.2d
1055, 1103 n.42 (D.C. Cir. 1978), and our prior case law with respect to an
alien's right to effective assistance of counsel under the rubric of fundamental
fairness embodied in the Fifth Amendment's due process clause, *see, e.g.*, *Osei*,
305 F.3d at 1208.  But we need not take up the matter in this case, for our concern
is with the statutory definition of "exceptional circumstances," not a claim of
constitutionally ineffective assistance of counsel.  We do note, however, that in a
(continued...)

an attorney's deficient performance can amount to exceptional circumstances under § 1229a(e)(1) sufficient to reopen removal proceedings pursuant to § 1229a(b)(5)(C)(I)." *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003). We consider the totality of the circumstances when analyzing whether the failure to appear at a hearing is due to circumstances beyond the control of the alien. *Id.* at 1194.

We agree with the BIA that Mr. Oseiwusu did not establish exceptional circumstances based on his attorney's performance. It is evident that had Mr. Oseiwusu not misheard the hearing date, as he admitted, he likely would have appeared for the August 1 hearing. Further, Mr. Oseiwusu's contention that his attorney was not "available to clarify the simplest misunderstanding" he had, Pet'r's Br. at 44, is squarely at odds with a statement in the affidavit he filed with his second motion to reopen and again with the BIA: that he was able to contact his first attorney once prior to his August hearing, allegedly to inform his attorney that his hand injury might prevent him from attending his hearing. *See* Admin. R. at 118, ¶ 10. Neither the BIA nor the IJ specifically discussed this admission, and

---

[5](...continued)
deliberate effort to "avoid confusion with what has heretofore been treated as a constitutional claim of ineffective assistance of counsel," the Attorney General has recognized that IJs and the BIA have statutory discretion to grant motions to reopen based on a showing of "'deficient performance of counsel.'" *Compean*, 24 I. & N. Dec. at 730. This comports with our view that something less than constitutionally ineffective assistance of counsel might rise to the level of "exceptional circumstances" under § 1229a(e)(1).

we consider it troubling that in his brief here, Mr. Oseiwusu has implied, if not explicitly maintained, that he had no communication with his first attorney in the time between his April hearing and the August 1 hearing. *See* Pet'r's Br. at 10; 17 & n.6; 44. Further, he has not explained why he could not clarify during that conversation any confusion he might have had about the correct hearing date. Thus, considering the totality of the circumstances, we conclude that Mr. Oseiwusu's failure to attend the August 1 hearing was not due to a circumstance that was "exceptional" or "beyond [his] control" under 8 U.S.C. § 1229a(e)(1). Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

## C. Motion to correct the administrative record

Mr. Oseiwusu asks this court to order respondent to correct the record by providing transcripts of the hearings before the IJ. But Mr. Oseiwusu did not raise the issue with the BIA during the appeal of the denial of his second motion to reopen despite being specifically informed by respondent that (1) transcripts are not normally prepared for such appeals, (2) Mr. Osiewusu could listen to tapes of the hearing, and (3) he could take up the need for transcripts with the BIA.[6]

_____

[6]  Indeed, § 4.2(f)(ii) of the BIA's Practice Manual advises that "[t]ranscripts are not normally prepared for the following types of appeals:  bond determinations; denials of motions to reopen (including motions to reopen in absentia proceedings); denials of motions to reconsider; and interlocutory appeals[,]" and that such proceedings "may in some instances be transcribed at the discretion of the Board.  If a party desires a transcript for any of these types

(continued...)

-13-

Accordingly, Mr. Oseiwusu failed to exhaust this issue, and we dismiss his motion for lack of jurisdiction. *See Rivera-Zurita*, 946 F.2d at 120 n.2.

## IV. Conclusion

The petition for review is dismissed in part for lack of jurisdiction and denied in part. Mr. Oseiwusu's motion to correct the administrative record is dismissed for lack of jurisdiction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[6](...continued)
of proceedings, he or she should send correspondence with a cover page labeled REQUEST FOR TRANSCRIPTION.'" Board of Immigration Appeals, *Practice Manual* 51 (last revised July 30, 2004).