FILED
United States Court of Appeals
Tenth Circuit

April 9, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARIO SALVADOR SORIANO-
MENDOSA,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,[*]

     Respondent.

No. 18-9535
(Petition for Review)

_____

**ORDER AND JUDGMENT[**]**
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

     Mario Salvador Soriano-Mendosa, a native and citizen of El Salvador, seeks

review of a Board of Immigration Appeals' (BIA's) decision that upheld the denial of his

_____

     [*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, William P. Barr is substituted for Jefferson B. Sessions, III, as the
respondent in this action.

     [**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

motion to reopen immigration proceedings and rescind his removal order. Exercising

jurisdiction under 8 U.S.C. § 1252(a), we deny Soriano's petition.

### BACKGROUND

Soriano entered the United States illegally on April 7, 2009, when he was

seventeen years old. The Department of Homeland Security quickly apprehended him

and began removal proceedings by filing a notice to appear and a notice of hearing.

Because he was an unaccompanied minor, he was released to his uncle, who lived in

Utah.

On May 26, 2011, Soriano appeared with attorney Scott T. Poston before an

Immigration Judge (IJ) and was notified that his case was set for a removal hearing to be

conducted at 1 p.m. on September 29, 2011, in Salt Lake City, Utah.[1] When Soriano

failed to appear, the IJ conducted the hearing in absentia, found him removable as

charged, and ordered him removed to El Salvador.

Over five-and-a-half years later, on May 24, 2017, Soriano filed a motion through

new counsel to reopen the immigration proceedings and rescind the removal order.

Soriano argued that Poston had provided ineffective assistance by "not inform[ing] [him]

of [the] September 29, 2011[,] calendar hearing until the morning of the scheduled

hearing," when he was in California. R. at 713. According to Soriano, he could not

travel to Utah on such short notice. Soriano indicated he learned of the removal order's

---

[1] At the May 26 hearing, Soriano "received oral notice of" the September 29 hearing, R. at 605, and Poston received written notice, *id.* at 862-63.

entry sometime "[a]fter the hearing in September of 2011," but no later than "July of 2012," when he was told by another attorney that "it would be very difficult to fight [the] removal order." *Id.* at 745. In addition to complaining of Poston's failure to secure his attendance at the hearing, Soriano complained of Poston's filing of an application for special immigrant juvenile status, rather than an asylum application, and Poston's failure to respond to a request from the Citizenship and Immigration Services for evidence in support of special immigrant juvenile status. Soriano claimed in the motion to reopen that despite meeting with current counsel in 2014, he did not discover Poston's ineffective assistance until March 2017, when current counsel obtained and reviewed his immigration record.

An IJ construed Soriano's motion as seeking reopening to rescind under 8 U.S.C. § 1229a(b)(5)(C)(i), and reopening without rescission under 8 U.S.C. § 1229a(c)(7). The IJ denied both aspects of Soriano's motion.

Specifically, in regard to a § 1229a(b)(5)(C)(i) reopening, the IJ determined that Soriano could not equitably toll the 180-day time limit for seeking rescission because he did not exercise due diligence in raising Poston's alleged ineffective assistance. The IJ stressed that Soriano began meeting with different attorneys as early as 2012 to avoid removal, and even his current attorney took nearly three years to move for reopening. The IJ further concluded that even if Soriano had demonstrated due diligence, he was not

prejudiced by any ineffective assistance because he had been personally notified of the September 2011 hearing four months earlier.[2]

As for a subsection (c)(7) general reopening, the IJ again noted Soriano's lack of due diligence as a barrier to equitably tolling the limitations period. And even if Soriano had diligently pursued his rights, the IJ said, he failed to show that Poston's representation was prejudicial with respect to either (1) the filing of a special-immigrant-juvenile-status application, rather than an asylum application, given Soriano's failure to show he was eligible for asylum; or (2) Poston's failure to respond to Citizenship and Immigration Services' request for evidence in support of special immigrant juvenile status, given that the agency later sua sponte reopened his application.

The BIA adopted and affirmed the IJ's decision "for the reasons stated therein." R. at 4.

### DISCUSSION
### I. Standards of Review

"We review the BIA's decision on a motion to reopen only for an abuse of discretion." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (brackets and internal quotation marks omitted). "[M]otions to reopen immigration cases are plainly disfavored, and [the alien] bears a heavy burden to show the BIA abused its discretion."

---

[2] The IJ found that Soriano had met the preliminary requirements of *In re Lozada*, 19 I. & N. Dec. 637, 638-39 (BIA), *aff'd*, 857 F.2d 10, 14 (1st Cir. 1988), for bringing an ineffective-assistance claim. *See Osei v. INS*, 305 F.3d 1205, 1209 n.2 (10th Cir. 2002) (discussing the *Lozada* requirements: providing a supporting affidavit, allowing former counsel the opportunity to respond, and indicating whether a disciplinary complaint has been filed).

4

*Id.* (brackets and internal quotation marks omitted). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (internal quotation marks omitted). Where, as here, the BIA adopted and affirmed the IJ's decision in a brief opinion, we review the BIA's opinion by "consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

## II. Motion to Reopen & Rescind (§ 1229a(b)(5)(C)(i))

An in absentia removal order may be rescinded upon a motion to reopen filed within 180 days of the order's date if the alien shows that his failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i).[3] Because Soriano moved to reopen long after the 180-day period had expired, he sought to equitably toll that period by claiming Poston provided ineffective assistance. While ineffective assistance of counsel may toll the filing period for a motion to reopen, *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002), Soriano must show that he exercised due diligence in pursuing his case during the period he seeks to toll, *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005).

---

[3] A motion to reopen for rescission of an in abstentia removal order may be filed at any time if the alien shows either that (1) he "did not receive notice in accordance with [8 U.S.C. § 1229(a)(1) or (2)]"; or (2) he "was in Federal or State custody and the failure to appear was through no fault of [his own]." 8 U.S.C. § 1229a(b)(5)(C)(ii). Soriano does not invoke either of these situations.

## A. Due Diligence

Soriano argues that he diligently moved to reopen as soon as he learned of Poston's ineffective assistance from his current attorney in March 2017. With the 180-day period running from that date, Soriano asserts that his May 2017 motion to reopen was timely. He claims that he could not have acted before March 2017 because (1) he did not know of Poston's ineffective assistance; and (2) Poston and other attorneys "informed [him] that it would be too late to take any action" to reopen his case. Pet'r Opening Br. at 6. These claims do not show an abuse of agency discretion.

First, Soriano initially consulted with his current attorney in 2014. He does not explain why it took roughly three years to obtain and review the immigration records and to uncover Poston's ineffectiveness. Moreover, long before 2014, Soriano suspected that Poston had been ineffective. Indeed, in a declaration attached to the motion to reopen, Soriano said he recognized as early as May 2011 that Poston's "lack of competence was becoming a problem." R. at 744. And throughout the declaration, Soriano faulted Poston for allowing him to miss the September 2011 hearing and for not "reopen[ing] the case," *id.* at 745. Thus, it was not unreasonable for the BIA or IJ to doubt Soriano's claim that the time from 2014 to May 2017 was diligently spent uncovering Poston's ineffectiveness.

Second, Soriano's declaration casts doubt on his assertion that he delayed acting because other attorneys had told him it was too late. Indeed, Soriano declared that in 2012 he visited two law firms and was told that reopening his case would be "difficult" or "very difficult." *Id.* at 745. One of the firms wanted to see his immigration file,

however, and the other suggested he would have to "go to court." *Id.* Soriano claimed he felt scared and hopeless, so instead of pursuing relief, he "focused on [his] wedding" to a woman he had met in September 2011. *Id.* These circumstances belie diligence in seeking to reopen the immigration proceedings.

## B. Exceptional Circumstances

Because Soriano has not shown he acted with due diligence, the agency was within its discretion to simply deny the motion to reopen as untimely. But it went further, examining whether Poston's performance had constituted exceptional circumstances that caused Soriano to miss the September 2011 removal hearing. Because Soriano was present at the May 2011 hearing when notice of the September hearing was provided, the BIA and IJ concluded that Poston's failure to remind Soriano of the removal hearing was not prejudicial. *See Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003) (observing that an ineffective-assistance claim in the immigration context requires deficient performance that denies the alien a fundamentally fair proceeding); *United States v. Aguirre-Tello*, 353 F.3d 1199, 1207-08 (10th Cir. 2004) (equating prejudice with a fundamentally unfair immigration proceeding).

Soriano argues that he established exceptional circumstances because he spoke by phone with Poston several weeks before the September 29, 2011 hearing, and he asked Poston to "let [him] know when the next hearing was going to take place," but Poston did not notify him until the day of the hearing. R. at 745. Thus, Soriano suggests, Poston performed deficiently and made him miss the hearing. For support, he cites *Aris v. Mukasey*, where the Second Circuit held that "a lawyer's inaccurate advice to his client

7

concerning an immigration hearing date can constitute 'exceptional circumstances' excusing the alien's failure to appear at a deportation hearing and meriting the reopening of an *in absentia* deportation order." 517 F.3d 595, 599 (2d Cir. 2008) (citations omitted). But *Aris* involved an alien who had been "wrongly informed . . . that there was no hearing scheduled." *Id.* Here, by contrast, although Poston failed to remind Soriano of the hearing, he did not give Soriano erroneous information. Further, Soriano was present at the May 26, 2011 hearing when the IJ provided notice of the September 29 removal hearing. Soriano acknowledged in his brief to the BIA that he "was aware of his hearing date and attended all other previous hearing dates prior to September 29, 2011." R. at 135. We therefore conclude that the agency acted within its discretion in finding that exceptional circumstances did not excuse Soriano's failure to appear at the September 29, 2011 hearing.

### III. Motion to Reopen Generally (§ 1229a(c)(7))

The same timing and tolling principles discussed above govern Soriano's motion to reopen under § 1229a(c)(7). *See* 8 U.S.C. § 1229a(c)(7)(C)(iii) (specifying that motions to reopen a removal order entered in abstentia are governed by the § 1229a(b)(5)(C) limitations period); *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1270 (10th Cir. 2018) (stating that § 1229a motions to reopen in general are subject to equitable tolling). For the reasons already set forth, Soriano has not shown due diligence in pursuing his case. Thus, the agency did not abuse its discretion in denying § 1229a(c)(7) relief.

8

Even if we joined the agency in assuming that Soriano had demonstrated due diligence, we would still conclude that he failed to show that he was prejudiced by Poston's failure to file an asylum application or respond to Citizenship and Immigration Services' request for evidence in support of special immigrant juvenile status. *See Mahamat*, 430 F.3d at 1283 (stating that equitable tolling requires both due diligence and a violation of "due process . . . by the conduct of counsel"); *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (stating that a due-process violation occurs when "counsel's ineffective assistance so prejudiced [the alien] that the proceeding was fundamentally unfair").

Indeed, as the agency explained, Soriano offered no evidence he was even eligible for asylum. Soriano does not argue otherwise. Instead, he claims he would have obtained special immigrant juvenile status had Poston responded to the evidentiary request. This too is speculative. In any event, while Citizenship and Immigration Services initially denied Soriano's special-immigrant-juvenile-status application because Poston failed to respond, Citizenship and Immigration Services sua sponte reopened the matter in April 2011, and Soriano's application remained pending until August 2017— long after Poston's representation had ended. Moreover, Citizenship and Immigration Services denied the application by noting that Soriano had disqualified himself by marriage in October 2012. *See* 8 C.F.R. § 204.11(c) (stating that "[a]n alien is eligible for classification as a special immigrant" juvenile if, among other things, he or she "[i]s unmarried"). Thus, because nothing shows that Poston's handling of the special-

immigrant-juvenile-status application prejudiced Soriano, the agency did not abuse its discretion in declining to reopen the proceedings under 8 U.S.C. § 1229a(c)(7).

## IV. *Pereira v. Sessions*

In *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the Supreme Court addressed the effect of a notice to appear on an alien's eligibility for cancellation of removal. Specifically, the Court held that a notice to appear that omits the removal proceeding's time or place does not stop the alien's accrual of continuous presence in the United States for purposes of cancellation of removal. *Id.* at 2113-14. Soriano attempts to expand *Pereira*'s holding into a jurisdictional invalidation of any removal proceeding initiated by a notice to appear that lacks a time or place designation. He notes that the notice to appear issued to him after he was apprehended in 2009 provided only that he was to appear for removal proceedings at a date and time "to be set." R. at 901.

But "*Pereira* was not in any way concerned with the Immigration Court's jurisdiction." *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019). And after the Supreme Court decided *Pereira*, the BIA issued a precedential opinion rejecting the same jurisdictional argument that Soriano raises here. In *In re Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018), the BIA explained that "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." Soriano does not dispute that he received notices of hearing that designated the dates and times of his removal proceedings. So we see no jurisdictional significance in the failure to include a date and time in the notice to

10

appear.  *See Karingithi*, 913 F.3d at 1161-62; *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 314-15 (6th Cir. 2018).

## CONCLUSION[4]

We deny Soriano's petition for review.

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[4] Soriano complains that the BIA "erred in concluding that [he] does not require his removal proceedings to be reopened to be able to immigrate to the United States through marriage to his U.S. citizen spouse."  Pet'r Opening Br. at 8-9.  He provides few clarifying details, however, and we do "not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation."  *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted).